IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY f/k/a Royal Indemnity Company, individually, and as corporate successor to Royal Insurance Company of America (f/k/a Royal Globe Insurance Company) and American and Foreign Insurance Company and on behalf of Royal Indemnity Company, as assignee of certain liabilities of Newark Insurance Company, (hereinafter collectively referred to as "ARROWOOD"), a Delaware Limited Corporation<br><br>Plaintiff,<br><br>v.<br><br>METALLO GASKET COMPANY, a New Jersey Corporation<br><br>Defendant. | CIVIL ACTION FILE NO. 3:09-cv-04814-AET-DEA<br><br>ELECTRONICALLY FILED |

**PLAINTIFF ARROWOOD INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM DEFENDANT METALLO GASKET COMPANY**

Lorraine M. Armenti, Esq.
 Of Counsel

Maida Perez, Esq.
 On the Brief

COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, N.J. 07962-1917
(973) 267-0058
*Attorneys for Plaintiff, Arrowood Indemnity Company f/k/a Royal Indemnity Company, individually, and as corporate successor to Royal Insurance Company of America, (f/k/a Royal Globe Insurance Company) and American and Foreign Insurance Company on behalf of Royal Indemnity Company, as assignee of certain liabilities of Newark Insurance Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL ARGUMENT ........................................................................................................ 2

    I.  DEFENDANT SHOULD BE COMPELLED TO PRODUCE (1) DOCUMENTS RELATING TO ITS PURCHASE OF METALLO, AND (2) ITS FINANCIAL RECORDS ................................................................................................................ 2

        A.  THE CLOSING DOCUMENTS ARE RELEVANT TO ARROWOOD'S CLAIM AND METALLO HAS NOT ASSERTED ANY APPLICABLE PRIVILEGE THAT WOULD PROTECT THEIR PRODUCTION ................... 3

        B.  METALLO HAS PLACED ITS FINANCIAL CONDITION AT ISSUE AS A DEFENSE TO ARROWOOD'S REIMBURSEMENT CLAIM; THUS, METALLO'S FINANCIAL DOCUMENTS ARE DISCOVERABLE ............. 5

    II.  FED.R.CIV.P. 34(B)(2) REQUIRES METALLO TO PROVIDE ARROWOOD WITH WRITTEN RESPONSES TO THE NOTICE TO PRODUCE ................... 6

CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

### FEDERAL CASES

Hickman v. Taylor,
   329 U.S. 495 (1947) ........................................................................................................... 2

Signal Capital Corp. v. Frank,
   164 F.R.D. 7 (S.D.N.Y. 1995) ............................................................................................ 6

Takacs v. Union County,
   2009 U.S. Dist. LEXIS 87632 (D.N.J. 2009) .................................................................... 2

Tele-Radio System Ltd. v. DeForest Electrics, Inc.,
   92 F.R.D. 371 (D.N.J. 1981) .......................................................................................... 2, 4

### FEDERAL STATUTES

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 2, 4

Fed. R. Civ. P 34(b)(2) .................................................................................................................. 7

## **PRELIMINARY STATEMENT**

Plaintiff, Arrowood Indemnity Company f/k/a Royal Indemnity Company, individually, and as corporate successor to Royal Insurance Company of America, (f/k/a Royal Globe Insurance Company) and American and Foreign Insurance Company on behalf of Royal Indemnity Company, as assignee of certain liabilities of Newark Insurance Company ("Arrowood"), submits the following memorandum of law in support of its Motion to Compel Defendant, Metallo Gasket Company ("Metallo"), to produce (i) documents relating to the purchase of Metallo; (ii) Metallo's financial records for the past five years and (iii) formal written responses to Arrowood's Notice to Produce.  This motion arises from the refusal by Defendant to produce the requested documents to Arrowood.  Defendant alleges the documents are "private" and "confidential".  Defendant, however, has failed to meet its burden to show that the information requested is privileged or confidential or that its disclosure would be harmful to the corporation.  Arrowood's discovery requests seek answers to basic questions concerning Metallo, including the treatment of Metallo's insurance policies upon the 2003 sale of the company, and the financial viability of Metallo.  These requests fall well within the scope of Rule 26.  Arrowood's request for the closing documents is relevant to Arrowood's claims, including the identification of other third-parties who may be liable for Metallo's asbestos liabilities.  Moreover, Metallo has squarely placed its financial condition at issue by its claim of impending bankruptcy as a defense to Arrowood's reimbursement claim.  Therefore, for the reasons discussed below, Arrowood is entitled to fully responsive answers to the discovery requests it has propounded on Metallo, including production of the requested documents.

*343691_1*                                                              1

## LEGAL ARGUMENT

### I. DEFENDANT SHOULD BE COMPELLED TO PRODUCE (1) DOCUMENTS RELATING TO ITS PURCHASE OF METALLO, AND (2) ITS FINANCIAL RECORDS

In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Furthermore, relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. Fed. R. Civ. P. 26 has been construed liberally thus "creating a broad vista for discovery". Takacs v. Union County, 2009 U.S. Dist. LEXIS 87632 (D.N.J. 2009) (citing Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981). Indeed, as the United States Supreme Court has held "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation...[and] either party may compel the other to disgorge whatever facts he has in his possession". Hickman v. Taylor, 329 U.S. 495, 507 (1947).

On October 28, 2010, Arrowood served Metallo with Interrogatories and a Notice to Produce. See Armenti Cert. at Exhibit A. Arrowood's written discovery includes a request for information with respect to two categories of documents at issue here: (1) information regarding any sale and/or purchase agreements involving Metallo from 2001 through the present; and (2) corporate financial information for Metallo, including but not limited to a summary or accounting of the assets and liabilities of Metallo and Federal and State income tax returns. See Armenti Cert., Exhibit A at p. 10; and Exhibit B at p. 9. In its responses to discovery, Metallo advised that it would not be producing the above-referenced documents to Arrowood. Rather, it would be forwarding the documents to the court for an in camera review to protect its privacy, because it believed the documents were confidential. See Armenti Cert. at Exhibit C. Unable

to resolve this discovery dispute, the parties had a telephonic status conference with the Court on April 8, 2011. See Armenti Cert. at ¶ 19. During this call, counsel for Metallo made clear that Metallo would not produce the disputed documents unless there was a Court Order compelling it to do so.

Notably, there has been no assertion by Metallo, either to Arrowood or to the Court, that the requested documents are not relevant to the claims and/or defenses presented in this action. Moreover, Metallo has failed to assert or identify the applicable privilege for withholding the documents from production. Although Metallo urges that the closing documents and financial records are confidential, it has not produced a privilege log identifying the basis for withholding the documents. See Armenti Cert. at Exhibit D. For the reasons discussed below, Metallo should be compelled to produce the requested information and documents.

### A. THE CLOSING DOCUMENTS ARE RELEVANT TO ARROWOOD'S CLAIM AND METALLO HAS NOT ASSERTED ANY APPLICABLE PRIVILEGE THAT WOULD PROTECT THEIR PRODUCTION

In the instant motion, Arrowood is seeking the production of documents regarding the sale and/or purchase of Metallo from 2001 through the present. See Armenti Cert. at Exhibit A at p. 10 and Exhibit B at p. 9. These documents include any sale and/or purchase agreements, including but not limited to any indemnification agreements relating to Metallo's asbestos liabilities, either before or after any sale and/or purchase date, and any assignment of any insurance policies or insurance proceeds. Id.

The closing documents are relevant to Arrowood's claim as it relates to the declaration of the rights, duties and obligations of the parties under the primary liability insurance policies issued by Arrowood to Metallo, specifically with respect to lawsuits filed against Metallo alleging bodily injury from exposure to Metallo's asbestos products. Moreover, any

indemnification agreements contained within the closing documents would be relevant to the identification of any other third-parties who may be responsible for Metallo's asbestos liabilities. This information is vital for any final calculation and determination of how defense and indemnity costs for the underlying asbestos lawsuits will be allocated amongst the parties.

The closing documents are also relevant to Metallo's defense that it cannot be held liable for Arrowood's reimbursement claim because the current owner of Metallo, Mr. Frederick Haleluk, did not have knowledge of any of the asbestos claims prior to his purchase of Metallo and therefore, should not be bound by the March 2001 Non-Waiver Agreement. Mr. Haleluk purchased Metallo in or about 2003. See Armenti Cert. at Exhibit C (Metallo's Response to Interrogatory No. 9.) Metallo has taken the position that it was not properly advised by Arrowood of its alleged right to hire its own counsel and defend the underlying asbestos claims that Arrowood was defending under a 2001 Non-Waiver Agreement. Id. (Metallo's Response to Interrogatory No. 16). The closing documents regarding the 2003 purchase of Metallo by its current owner would likely contain information regarding the disclosure or non-disclosure of Metallo's pending asbestos liabilities.[1]

Metallo has not asserted any privilege that would preclude the discovery of the closing documents, except to state that they are "confidential." Importantly, "the party resisting discovery has the burden of clarifying and explaining its objections to provide support therefor". Tele-Radio, 92 F.R.D. at 375. Counsel for Metallo has not articulated any applicable privilege that would preclude the disclosure of these documents. Indeed, no applicable privilege exists. Thus, the sale and/or purchase documents should be produced.

---

[1] It is Arrowood's position that regardless of whether Mr. Haleluk was aware of the 2001 Non-Waiver Agreement when he purchased Metallo in 2003, Metallo, as a corporation, is nonetheless bound by such Agreement as it was signed by Metallo's former owner and president. Notwithstanding the foregoing, Arrowood is entitled to the requested information as it is relevant to a defense urged by Metallo. Fed. R. Civ. P. 26(b)(1).

*343691_1*                                                    4

### B. METALLO HAS PLACED ITS FINANCIAL CONDITION AT ISSUE AS A DEFENSE TO ARROWOOD'S REIMBURSEMENT CLAIM; THUS, METALLO'S FINANCIAL DOCUMENTS ARE DISCOVERABLE

In its Requests for Documents, Arrowood has requested the following information.

Request No: 14.   All federal and state income tax returns for Metallo for the past five (5) years, including all attachments and schedules.

Request No. 15.   All corporate financial statements prepared by you or on Your behalf for the past five (5) years that contain a summary or accounting of the assets and liabilities of Metallo.

Metallo has refused to produce the requested documents and has asserted that these financial documents are confidential and will only be produced to the Court for in-camera review to protect their privacy. See Armenti Cert. at Exhibit C. Significantly, there has not been any assertion by Metallo that these documents are irrelevant nor that they are protected by any applicable and recognized privilege.

Arrowood's Amended Complaint seeks reimbursement from Metallo for all costs incurred by Arrowood in excess of Arrowood's allocable share of defense and indemnity payments made with respect to the underlying asbestos claims from March 8, 2001, the date of the Non-Waiver Agreement, until the present. See Arrowood's Amended Complaint at ¶ 47. In response, counsel for Metallo has repeatedly represented to Arrowood during the course of this litigation that Metallo is on the "verge of bankruptcy" and will be unable to satisfy any reimbursement claim for past costs incurred by Arrowood. Moreover, Metallo has stated that it will have to file for bankruptcy if it is required to contribute toward any future defense and indemnity payments of the underlying asbestos claims. These representations have similarly been made by Metallo's counsel to the Court during a recent status conference on February 28, 2011.

Metallo has squarely relied on its financial condition as a defense to any reimbursement claim. Although counsel for Metallo has refused to produce the documents at issue, courts have held that pre-judgment discovery of a defendant's financial information is appropriate where the defendant's conduct indicates that it may act to frustrate a potential judgment in favor of the plaintiff, or where the discovery sought is relevant to the merits of a pending claim, or in response to a defense. Signal Capital Corp. v. Frank, 164 F.R.D. 7, 10 (S.D.N.Y. 1995). This is a case where the requested financial information has been placed at issue by Metallo and, therefore, is needed by Arrowood to respond to Metallo's defense. Based on the foregoing, the requested financial documents should be produced.

## II. FED. R. CIV. P. 34(B)(2) REQUIRES METALLO TO PROVIDE ARROWOOD WITH WRITTEN RESPONSES TO THE NOTICE TO PRODUCE

Fed. R. Civ. P 34(b)(2) provides the procedure for a responding party to respond to a Notice to Produce. In pertinent part, the Rule states that:

\*\*\*

(2) Responses and Objections.

(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

(C) *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

\*\*\*

Metallo has not provided Arrowood with written responses to its Requests for Documents. Rather, Metallo has attached a "Document Index" to its responses to

Interrogatories.  See Armenti Cert. at Exhibit C.  This "document index" merely contains a listing of the documents being produced with no reference to which Request it responds to. Thus, Arrowood requests that Metallo be compelled to produce written responses to Arrowood's Requests for Documents as required by the Court Rules.

## CONCLUSION

For the reasons stated herein, Arrowood respectfully requests that the Court compel Metallo to produce (i) written responses to Arrowood's Notice to Produce; (2) Response to Arrowood's Interrogatory No. 8 relating to sale and/or purchase of Metallo; (3) Responses to Requests for Documents No. 11, 12 and 13 relating to any sale and/or purchase agreements of Metallo; and (4) Responses to Requests for Documents Nos. 14 and 15 relating to Metallo's financials records for the past five years.

Dated: April 29, 2011

/s/ Lorraine M. Armenti
Lorraine M. Armenti
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
Tel: (973) 267-0058
*Attorneys for Plaintiff, Arrowood Indemnity Company*