**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ARROWOOD INDEMNITY CO.,** | : | **Civil Action No.: 09-4814 (AET)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **ORDER** |
| | : | |
| **METALLO GASKET CO.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

This matter having come before the Court on Motion by Plaintiff Arrowood Indemnity

Company ("Plaintiff") to compel discovery [dkt. entry no. 23], returnable October 17, 2011; and

Defendant Metallo Gasket Company ("Defendant" or "Metallo") having submitted opposition; and

Plaintiff noting that it served Defendant with "Interrogatories and a Notice to Produce" on October

28, 2010 that included "a request for information regarding any sale and/or purchase agreements

involving [Defendant] from 2001 through the present" and "corporate financial information for

[Defendant], including but not limited to a summary or accounting of the assets and liabilities of

[Defendant] and Federal and State income tax returns" (Pl.'s Br., dkt. entry no. 24 at 2); and Plaintiff

further noting that "[Defendant] advised that it would not be producing the above-referenced

documents...because it believed the documents were confidential", although Defendant did not assert

"that the requested documents [were] [ir]relevant to the claims and/or defenses presented in this

action" nor did it "to assert or identify [any] applicable privilege for withholding the documents from

production" (_Id_. at 2-3); and with respect to sale and/or purchase agreements, Plaintiff contends that

the closing documents it has requested, including "any sale and/or purchase agreements...and any

indemnification agreements relating to [Defendant's] asbestos liabilities...either before or after any

sale and/or purchase date...and any assignment of any insurance policies or insurance proceeds", are

relevant to its claim "as it relates to the declaration of the rights, duties and obligations of the parties under the primary liability insurance policies issued by [Plaintiff] to [Defendant]...with respect to lawsuits filed against [Defendant] alleging bodily injury from exposure to [Defendant's] asbestos products" (*Id*. at 3); and Plaintiff contending that "indemnification agreements...would be relevant to the identification of any other third-parties who may be responsible for [Defendant's] asbestos liabilities" and that they are "vital for any final calculation and determination of how defense and indemnity costs for the underlying asbestos lawsuits will be allocated amongst the parties" (*Id*. at 3-4); and Plaintiff further contending that "[t]he closing documents are also relevant to [Defendant's] defense that it cannot be held liable for [Plaintiff's] reimbursement claim because...[Defendant's] current owner...did not have knowledge of any of the asbestos claims prior to his purchase of [the company] and therefore...should not be bound by the March 2011 Non-Waiver Agreement" because the closing documents may "contain information regarding the disclosure or non-disclosure of [Defendant's] pending asbestos liabilities" (*Id*. at 4); and with respect to corporate financial information, Plaintiff contends that Defendant's tax returns and corporate financial statements for the past five (5) years are relevant to this matter based upon Plaintiff's request for "reimbursement from [Defendant] for all costs incurred by [Plaintiff] in excess of [Plaintiff's] allocable share of defense and indemnity payments made with respect to the underlying asbestos claims from March 8, 2011...until the present" and Defendant's representation that it "is on the verge of bankruptcy and will be unable to satisfy any reimbursement claim for past costs incurred by [Plaintiff]" (*Id*. at 5-6); and Plaintiff, citing *Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995), argues that "courts have held that pre-judgment discovery of a defendant's financial information is appropriate where the defendant's conduct indicates that it may act to frustrate a potential judgment in favor of

the plaintiff...or where the discovery sought is relevant to the merits of a pending claim...or in response to a defense" (*Id*. at 6); and with respect to Defendant's written responses to Plaintiff's notice to produce, citing FED. R. CIV. P. 34, Plaintiff contends that "[Defendant] has not provided...written responses to...[Plaintiff's] requests for documents" but has instead "attached a 'Document Index' to its responses to interrogatories" (*Id*. at 6-7); and Plaintiff, maintaining that Defendant's 'Document Index' "merely contains a listing of the documents being produced with no reference" to which documents are responsive to which requests, thus requests that Defendant "be compelled to produce written responses to [Plaintiff's] requests for documents" (*Id*. at 7); and Plaintiff stating that it "is not seeking what Defendant has described as Rule 56(f) discovery" as the Motion "was filed over six months ago and prior to the filing of [Plaintiff's] pending motion for partial summary" and "is solely related to [Defendant's] failure to provide documents specifically requested by [Plaintiff] in its discovery requests" (Pl.'s Reply Br., dkt. entry no. 37 at 1-2); and Plaintiff noting that "[Defendant's]...opposition does not address or dispute a single fact, issue or argument raised by [Plaintiff] in its moving papers" and instead "cites to a California state court that addresses the issue of insurers who sought to delay a determination of their defense duty until the policyholder responded to discovery", an issue that Plaintiff contends was "clearly not...presented in [its] pending motion" (*Id*. at 2); and Plaintiff noting that "there has not been any assertion by [Defendant]...that the documents requested by [Plaintiff] are not relevant to the claims and/or defenses presented in this action" and "[Defendant] has failed to assert or identify any applicable privilege for withholding the documents from production" (*Id*.); and in opposition, Defendant maintaining that "Plaintiff denied a defense based solely upon its review of the policy and the Complaint" which Defendant "alleges...[was done] in bad faith and requires a denial of [Plaintiff's]

3

motion for partial summary judgment based solely on those documents" (Def.'s Opp'n Br., dkt. entry no. 36 at 16-17); and Defendant, citing *Voorhees v. Preferred Mut. Ins. Co.*, 246 N.J. Super. 564, 580-81 (1991), contends that "New Jersey law compels an insurer to investigate its policyholder's claim prior to the insurer's denial of a defense" and that "[f]ailure to do so is a breach of the insurer's duty to investigate" (*Id*. at 17); and Defendant, citing *Haskel, Inc. v. Superior Court of Los Angeles County*, 39 Cal. Rptr. 2d 520, 527-28 (Cal. App. Dep't Super. Ct. 1995), argues that "[a]n insurer's duty to investigate under New Jersey law prior to denying a claim establishes that an insurer may not conduct discovery in the policyholder's subsequent insurance coverage action on the duty to defend" (*Id*. at 17-21) and that pursuant to *SL Industries, Inc. v. American Motorists Ins. Co.*, 128 N.J. 188, 198-199 (1992), "[b]ecause only potential coverage is required to trigger the duty to defend, the insurer must conclusively establish that there is no possibility of coverage under any claim" (*Id*. at 20-21); and Defendant arguing that here, "Plaintiff is either aware of facts that conclusively establish that there is no potential for coverage under its policies or it is not" such that "Plaintiff does not need discovery from Defendant" (*Id*. at 21); and Defendant, citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990), maintains that "[a] party has no right to discovery prior to the hearing of a summary judgment motion...but, rather, must make an affirmative showing that the requested discovery will produce facts necessary to defeat the motion" (*Id*. at 22); and Defendant, citing *Securities and Exchange Commission v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980), contends that "[b]ecause the burden on a party resisting summary judgment is not a heavy one", the party requesting discovery "must conclusively justify his entitlement to the shelter of Rule 56(f) by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the

motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts" (*Id.*); and Defendant arguing that "[a]ny request for Rule 56(f) discovery by Plaintiff is an admission that it failed to perform its fiduciary duty to investigate the claims against Defendant prior to denial...and is tantamount to acknowledging that Plaintiff would be attempting to retroactively justify its wrongful denial" (*Id.* at 22-23); and Defendant further arguing that "Plaintiff has failed to overcome its failure to meet the substantive requirements of a reservation of rights letter, which would require any contribution from Defendant", and thus "requiring this Court to deny Plaintiff's Rule 56(f) discovery motion and partial motion for summary judgment" (*Id.* at 23); and the Court noting that pursuant to FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and "the court may order discovery of any matter relevant to the subject matter involved in the action", although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"; and the Court noting that "discovery concerning an opposing party's assets is not ordinarily permitted...unless such discovery is relevant to the merits of the pending claim...or in response to a defense" (*Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995); *see also Sequa Corp. v. Gelmin*, 1995 U.S. Dist. LEXIS 9338, at *6-7 (S.D.N.Y. 1995)); and the Court noting that pursuant to FED. R. CIV. P. 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy,

5

test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[,] or (B) any designated tangible things..."; and the Court noting that pursuant to FED. R. CIV. P. 34(b)(2), "[f]or each item or category, the response [to a request to produce] must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" and "an objection to part of a request must specify the part and permit inspection of the rest"; and the Court noting that pursuant to FED. R. CIV. P. 34(b)(2)(E), "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information":

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

and the Court noting that pursuant to *Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160, at *5, 2009 U.S. Dist. LEXIS 63538, *7-9 (S.D. Fla. 2009),

> the need to balance Rule 34(b)(2)(E)(i)'s legitimate purpose of alleviating a responding party's burden of production while reasonably assuring a requesting party's ability to obtain discoverable documents under Rule 26(b)(1). Rule 34 is generally

6

designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents.  A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect.  While Rule 34 does not obligate a producing party to *per se* organize and label usable documents for the requesting party's convenience, a party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests. …The standard this Court will use in determining what is required will be whether the production allows the requesting party to reasonably determine what documents are responsive to its requests.  If it does, the production complies with Rule 34(b)(2)(E)(I).  If it does not, then the production does not comply.

*(see also Williams v. Taser Int'l, Inc.*, 2006 WL 1835437, at *7 (N.D. Ga. 2006)); and the Court noting that "[i]n the context of FED. R. CIV. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control" (*Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004); *see also Poole v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000); *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988)); and the Court noting that "[t]he party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor" (*Tele-Radio Systems, Ltd. v. De Forest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981); *see also Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 916-17 (E.D. Pa. 1979); *Robinson v. Magovern*, 83 F.R.D. 79, 85 (E.D. Pa. 1979)); and the Court noting that pursuant to FED. R. CIV. P. 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact, (2) consider the fact undisputed for the purposes of the motion, (3) grant summary judgment if the motion and

supporting materials – including the facts considered undisputed – show that the movant is entitled to it, or (4) issue any other appropriate order"; and the Court noting that Plaintiff served Defendant with interrogatories and a notice to produce on October 28, 2010, therein requesting the identification of "any sale and/or purchase agreements...including...any indemnification agreements with respect to the sale and/or purchase of Metallo from 2001 through the present" (Pl.'s Cert. of Lorraine M. Armenti ("Armenti"), dkt. entry no. 25-1, Ex. A at ¶ 8) and the production of "[a]ny and all documents regarding the sale and/or purchase of Metallo between 2001 and the present", "[a]ny and all indemnification agreements from 2001 through the present relating to Metallo's asbestos liabilities...either before or after any sale and/or purchase date", "any and all agreements regarding the assignment of any insurance policies or insurance proceeds of Metallo from 2001 to the present", "[a]ll federal and state income tax returns for Metallo for the past five (5) years...including all attachments and schedules", and "[a]ll federal and state income tax returns for Metallo for the past five (5) years...including all attachments and schedules" (*Id.*, dkt. entry no. 25-2, Ex. B at ¶¶ 11-15); and the Court noting that in response to Plaintiff's request for production, Defendant created and referenced a document index throughout its written responses without specifying which documents were responsive to which requests (*Id.*, dkt. entry no. 25-3, Ex. C at ¶¶ 2-6); and the Court noting that Plaintiff was given leave to file a motion to compel in February/March 2011 due to Defendant's failure to respond to discovery requests (*see* dkt. entry nos. 21-22), that Plaintiff served Defendant with a reservation of rights letter on April 18, 2011 indicating that Plaintiff would cease paying 100 percent of defense and indemnity payments for Metallo's current asbestos lawsuits within 30 days (*see* Def.'s Opp'n Br. at Ex. 3), that Plaintiff filed the instant Motion on April 29, 2011 (*see* dkt. entry no. 23), and that Plaintiff also filed a motion for partial summary judgment on May 13, 2011

8

(*see* dkt. entry no. 26); and the Court finding that although Plaintiff's motion for partial summary judgment is fully briefed and will be decided based upon the information previously provided to the Court, that motion remains pending and this case remains active such that even if determined to be inadmissible at the time of trial, Defendant retains the responsibility to comply with its discovery obligations and to produce all non-privileged information and documents relevant to Plaintiff's discovery requests (*see* Fed. R. Civ. P. 26(b)); and the Court finding that with respect to Plaintiff's Interrogatory No. 8 and Request for Documents Nos. 11-13, although Defendant originally stated that it would request that the Court review the documents at issue prior to their disclosure (Pl.'s Cert. of Armenti, Ex. C at ¶ 8), the information requested is relevant and discoverable given that Defendant has failed to assert any relevant privilege in its motion papers (*Tele-Radio*, 92 F.R.D. at 375) and given that Plaintiff's position is that "regardless of whether [Defendant's principal] was aware of the 2001 Non-Waiver Agreement when he purchased Metallo in 2003, Metallo...is nonetheless bound by [the 2001 Non-Waiver Agreement] because it was signed by [Defendant's] former owner and president" (Pl.'s Br. at 4); and the Court finding that with respect to Plaintiff's Request for Documents Nos. 14-15, although Defendant originally stated that it would ask the Court to review the documents at issue prior to their disclosure (Pl.'s Cert. of Armenti at Ex. C), the information requested is relevant and discoverable given that Defendant has failed to assert any privilege in its motion papers (*Tele-Radio*, 92 F.R.D. at 375) and given that defense counsel has asserted that "Metallo is on the verge of bankruptcy", "will be unable to satisfy any reimbursement claim for past costs incurred by [Plaintiff]", and "will have to file for bankruptcy if it is required to contribute toward any future defense and indemnity payments of the underlying asbestos claims" (Pl.'s Br. at 5-6; *see also Signal Capital*, 164 F.R.D at 10; *Sequa Corp.*, 1995 U.S. Dist. LEXIS

9

9338, at *6-7); and the Court finding that pursuant to FED. R. CIV. P. 34(b)(2)(E)(i), Defendant's creation and provision of a "Document Index" fails to "allow the requesting party to reasonably determine what documents are responsive to its requests" (*Armor Screen*, 2009 WL 291160, at *5) and, therefore, the Court directs Defendant to supplement its responses including, but not limited to, the index by referencing which documents are responsive to which requests; and the Court directing the parties to meet and confer in order to draft and execute a proposed Discovery Confidentiality Order that may be entered prior to the production noted herein; and the Court having reviewed the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and for the reasons stated above;

**IT IS** on this 18th day of October, 2011,

**ORDERED** that Plaintiff's Motion to compel discovery [dkt. entry no. 23] is **GRANTED** as set forth above; and it is further

**ORDERED** that the parties shall submit a proposed Discovery Confidentiality Order to the Court no later than **November 1, 2011**; and it is further

**ORDERED** that Defendant shall produce the information, documents, and document references requested by Plaintiff no later than **November 28, 2011**; and it is further

ORDERED that the Court will hold a telephone status conference, to be initiated by Plaintiff's counsel, on **November 15, 2011** at **3:30 p.m.**

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

10