NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARROWOOD INDEMNITY CO., | |
| Plaintiff, | Civil No. 09-4814 (AET) |
| v. | **MEMORANDUM OPINION & ORDER** |
| METALLO GASKET CO., | |
| Defendant. | |

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter comes before the Court upon Plaintiff Arrowood Indemnity Company's ("Arrowood") Motion for Entry of Judgment under Rule 54(b) [docket # 47].  Defendant Metallo Gasket Company ("Metallo") opposes the motion [60] and has filed a Cross-Motion for Partial Summary Judgment [61].  The Court has decided these motions upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons stated below, Plaintiff's motion will be administratively terminated pending additional discovery and Defendant's cross-motion will be denied.

## II.   BACKGROUND[1]

This case arises out of an insurance coverage dispute involving certain defense and indemnity costs paid by Plaintiff for asbestos bodily injury claims and lawsuits filed against Defendant.  Metallo is a manufacturer of custom made gaskets, shims, diaphragms, washers, and

---

[1] The background information supplied in this Opinion is taken almost verbatim from the Court's previous Opinion of November 4, 2011 [43].

1

tower packings.  (Amend. Compl. ¶ 9).  [13].  Arrowood has issued general commercial liability coverage to Metallo under various insurance policies (collectively, the "Arrowood Policies").  *See* (Statement of Material Facts, at 2) [30].  Beginning in 1981, Metallo began tendering claims of bodily injury or personal injury allegedly caused by exposure to asbestos-containing products manufactured and distributed by Metallo (the "Underlying Claims").  (Amend. Compl. ¶ 16).

On March 8, 2001, Metallo and Arrowood entered into a Master Bilateral Reservation of Rights and Non-Waiver Agreement ("Non-Waiver Agreement") with respect to the Underlying Claims in which Arrowood reserved the right to withdraw its defense and seek reimbursement for legal fees.  (*See* Armenti Cert., Ex. P).  [29].

On February 7, 2009, Arrowood withdrew from the Non-Waiver Agreement but continued to pay defense and indemnity for the Underlying Claims.  (Amend. Compl. ¶ 28).  Subsequently, on March 19, 2009, Arrowood advised Metallo that during the "Interim Period" (i.e., subsequent to Arrowood's withdrawal from the Non-Waiver Agreement) Arrowood reserved its rights to withdraw from the defense of the Underlying Claims and to seek reimbursement from Metallo for those defense and indemnity payments made during the interim period that were not properly allocated to it under New Jersey law.  *See* (Armenti Cert., Ex. Q).  Arrowood requested that Metallo execute a copy of the letter, indicating its agreement to the terms under which Arrowood would continue to indemnify Metallo during the interim period.  (Def's Opp., ¶ 21).  On April 7, 2009, Metallo executed the letter (the "Interim Agreement").  *See* (Armenti Cert., Ex. Q).

On September 17, 2009, Plaintiff filed a Complaint [1] for Declaratory Judgment and for reimbursement from Defendant for a portion of monies paid by Plaintiff for defense and indemnity costs.  After a period of discovery, Plaintiff amended the complaint on September 15,

2010 to limit its request for past costs incurred from March 9, 2001 through the present. *See* (Amend. Compl. ¶ 2)

On May 13, 2011, Plaintiff moved for Partial Summary Judgment seeking a ruling declaring: (1) that New Jersey law applies to the apportionment of defense and indemnity costs among Metallo and its insurers; (2) that New Jersey law mandates the application of *Owens-Illinois, Inc. v. United Insurance Co.*, 138 N.J. 437 (1994) to the apportionment of defense and indemnity costs among Metallo and its insurers; and (3) that Arrowood is entitled to reimbursement from Metallo for any amounts paid in excess of its *Owens-Illinois* share for the period February 7, 2009 through the present under the Interim Agreement entered into by the parties on April 7, 2009 [26]. The Court granted this Motion [43].

Plaintiff now moves for entry of final judgment seeking, inter alia, reimbursement for past underlying asbestos-related defense and indemnity costs incurred and paid from February 7, 2009 through February 16, 2012 under the terms of the Interim Agreement. Metallo opposes the motion and has cross-moved for summary judgment on the issue of waiver and estoppel, contending that by delaying its expression of a coverage position for at least 15 years following *Owens-Illinois*, Arrowood's claim is barred. (Def.'s Opp'n Br. at 29). Metallo additionally claims that its countersignature on the Interim Agreement was obtained by duress and is therefore invalid. (*Id*. at 34).

### III.     DISCUSSION

Rule 54(b) permits a district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ." As courts have consistently observed, "Rule 54(b) certification is recognized as the exception rather than the norm" and should not "be granted routinely."

3

*Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)).  In considering a Rule 54(b) motion, the Court must balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." *Carter v. City of Phila.*, 181 F.3d 339, 346 (3d Cir. 1999) (citing *Curtiss-Wright*, 446 U.S. at 8).

In its Motion, Arrowood seeks $800,375, which it calculates as Metallo's *Owens-Illinois* share paid for the period of February 7, 2009 through February 16, 2012 under the terms of the Interim Agreement.  This calculation is based on the allocation model proposed by its retained experts, PACE Claims Services, a subsidiary of Navigant Consulting.  Metallo opposes entry of final judgment, arguing, inter alia, that final judgment is inappropriate because Arrowood has not carried its burden of showing that the defense costs it seeks are reasonable or necessary.  (Def.'s Opp'n Br. at 18).  Moreover, Metallo contends that at a minimum it should be given the opportunity to depose Arrowood's proposed experts and submit its own report if need be.  (*Id*. at 27–28).

The Court agrees that Metallo should be allowed to depose Arrowood's experts and submit a rebuttal report for the Court's consideration.  Although the Court is not unsympathetic to Arrowood's desire to recoup funds, particularly here where this case has dragged on largely due to previous opposing counsel's delay, the Court believes it would be in the interests of justice to afford Defendant an opportunity to rebut the Plaintiff's proposed allocation model and submit its own well-supported calculations of the amounts owed to Arrowood.  Consequently, the Court concludes that directing the parties to engage in additional, although limited, discovery will assist with resolution of the Motion.

Regarding Metallo's cross-motion for partial summary judgment on the issues of waiver

and estoppel the Court finds it procedurally defective and consequently declines to address these arguments at length.  While the Court must agree with Metallo that its brief is "undoubtedly related" to Arrowood's motion for entry of a final judgment in that it goes to the heart of Arrowood's claims in the broader litigation, *see* (Def.'s Reply Br. at 6), the Court thinks it fair to say upon reading the parties' submissions that the brief is but a distant cousin of the moving papers.  Virtually ignoring the protracted procedural history of this case, Metallo submits the brief that would have been properly before the Court in its addressing Arrowood's motion for partial summary judgment last year.  Although it is true that the "law-of-the-case doctrine does not…set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error," *see U.S. v. Hoffecker*, 530 F. 3d 137, 165 (3d Cir. 2008), the Court does not believe Metallo has submitted sufficient evidence to suggest that revisiting the Court's prior rulings will prevent error or, more importantly, that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Moreover, to the extent Metallo argues that its cross-motion could be construed by this Court in the alternative as a motion under Rule 60(b) to alter or amend the prior judgment of this Court, the Court notes that such relief is only to granted in exceptional circumstances.  *See Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).  Based on the record before it, the Court does not believe that such relief is warranted.

## IV.    CONCLUSION

For the reasons stated above, it is on this 6th day of September, 2012,

ORDERED that Plaintiff's Motion for Entry of Final Judgment [docket # 47] shall be administratively terminated without prejudice to re-submission at a later date; and it is

ORDERED that Defendant's Cross-Motion for Partial Summary Judgment [61] is

DENIED; and it is further

ORDERED that the parties engage in additional discovery, as of the entry of this order, related to the issues presented in the Motion for Entry of Final Judgment.  Such discovery may include depositions as outlined under the Federal Rules as well as additional requests for the production of documents, interrogatories, etc., as directed by Magistrate Judge Douglas E. Arpert.  In the course of discovery, Defendant shall submit its own expert report(s) at such time as the Magistrate Judge directs; and it is further

ORDERED that if and when the parties desire to proceed with this motion, the motion must simply be re-noticed.  Magistrate Judge Arpert is requested to direct the parties to submit simultaneous letter briefs, not to exceed eight (8) pages each addressing the Motion for Entry of Final Judgment, in light of matters learned in the course of the discovery ordered above and any other subsequent developments.

/s/ Anne E. Thompson  
ANNE E. THOMPSON, U.S.D.J.